## RISK v. RISK

[No. 20,213. Filed January 24, 1966.]

*Elrod, Taylor & Williams* and *Marshall Williams,* of Indianapolis, for appellant.

*Robert H. Orbison* and *Baker & Orbison,* of counsel, of Indianapolis, for appellee.

MOTE, J.—Appellant, Violet Risk, commenced this action in Marion Superior Court, Room Number Two, based on the "save harmless" provision of a Separation Agreement and Divorce Decree. The amended complaint, in effect, seeks to recover reimbursement from appellee, Ferris Risk, for money and attorney fees paid by appellant to obtain settlement of a judgment against her which was rendered on a debt which the appellee had allegedly been ordered to pay and save the appellant harmless therefrom.

The stipulated evidence in the record indicates the following facts:

Appellant and appellee were formerly husband and wife, and during said marriage the appellee was a partner in a cafe' and night club known as the Horizon Room, located in Indianapolis, Marion County, Indiana.

In January of 1954 the appellant was awarded an absolute divorce from appellee and, pending trial of said divorce action, the parties herein entered into a Separation Agreement (Exhibit A) for the adjustment of alimony and property interests, the pertinent part of which is as follows:

"3. That the business known as the Horizon Room and located at 1270 West 16th Street, Indianapolis, Marion County, Indiana, a cafe and night club operated as a partnership by the Husband and one William H. Thompson, in which said Husband and said Thompson each own an equal one-half interest, shall be the sole property of the Husband, the Wife agrees to release all interest that she may have or claims to have in said business. The Husband shall assume and pay all debts of every kind and character against said business and save the Wife harmless from any and all such debts and liabilities."

During the trial of said divorce action, said Separation Agreement was introduced into evidence and the court found that said agreement was voluntary, uninfluenced, and equitable and in the court's Decree for Divorce (Exhibit B) the following was stated:

"4. That all of the plaintiff's right, title and interest in the partnership business known as the Horizon Room and located at 1270 West 16th Street, Indianapolis, Marion County, Indiana, and in the corporation and assets of the business known as the Turf Bar, Inc., which is an Indiana corporation in the process of formation located at 2320 West 16th Street, Indianapolis, Marion County, Indiana, shall be assigned and transferred to the defendant, Ferris Risk, and become his sole property. That a written assignment executed by the plaintiff, Violet Risk, has been duly executed and in open Court delivered to the defendant, Ferris Risk. The defendant is ordered to assume and pay all of the debts and liabilities incurred and outstanding against said businesses known as the Horizon Room and the Turf Bar, Inc., for which the plaintiff would be liable, and save the plaintiff harmless from any liability therefor. The

defendant is further ordered and directed to assume and pay all of the plaintiff's obligations and liabilities owing by the plaintiff's on account of her having, along with the defendant and other parties, signed and executed a promissory note in the amount of Fifteen Thousand Dollars ($15,000.00) on or about the 5th day of May, 1953, in favor of the Merchants National Bank, Indianapolis, Indiana."

Thereafter, in September of 1954, the Olinger Distributing Company, Inc., (hereinafter referred to as Olinger) commenced an action against appellant and appellee and William H. Thompson and Mildred Thompson, as partners doing business as the Horizon Room, for a debt of Three Thousand and Forty-six ($3,046.00) Dollars.

A summons was issued for appellant and appellee in said action and was returned "Not Found;" thereafter an alias summons was issued and the sheriff's return shows "Copy Service" on appellee and "Reading and Copy" on appellant.

A default judgment was rendered in April of 1955 in said cause of action in the amount of Three Thousand and Forty-six ($3,046.00) Dollars and costs of the action.

Appellant then hired an attorney in said cause and paid Five Hundred ($500.00) Dollars for his services. In addition, she paid One Thousand ($1,000.00) Dollars to Olinger in settlement and satisfaction of said judgment against appellant which, as of May 8, 1958, was satisfied as to appellant only.

The stipulated evidence further indicated that the appellee was not served with summons and did not know of the lawsuit involving Olinger at the time it was filed, and appellee did not pay any sum on said judgment, which said judgment is still outstanding against him, and when Olinger commenced its action, and when judgment was rendered, Ferris Risk, appellee, and William H. Thompson, partners doing business as the Horizon Room, were in receivership.

The issues were formed on appellant's amended complaint and appellee's answer thereto.

A hearing was held before the court, without the intervention of a jury, on February 21, 1964, and on February 25, 1964, judgment was rendered for the defendant and against the plaintiff.

Appellant's only assignment of error is the overruling of appellant's Motion for a New Trial containing fourteen (14) specifications of error. Since appellant has presented only Specification No. 2 of her Motion for New Trial, viz: "The decision of the court is contrary to law," in the argument section of her brief, all other specifications of her Motion for New Trial are waived. Rule 2-17 (e), 2-17 (g), Rules of the Supreme Court of Indiana.

Appellant asserts, in her amended complaint, that there was a breach of the obligation on the part of the appellee to pay the debts of the Horizon Room; that she thereby sustained a loss of One Thousand, Five Hundred ($1,500.00) Dollars, which loss was established by the undisputed evidence; and, as a matter of law, she should not have been denied relief.

The appellee contends that the record evidence discloses that the appellant had a legitimate defense to the action instituted by Olinger, and that she neglected and failed to interpose such defense; and that Olinger had no legitimate and legal claim against the appellant.

The uncontradicted evidence in the record discloses that the appellant was at no time a partner in the business, although joined as such by Olinger in said suit, and had no *legal interest* in said Horizon Room. The evidence also indicates that the said partnership in which appellee was an equal partner was formed *prior* to the marriage of the parties herein, and appellee and his partner controlled the payment of all debts and bills from the initiation of the business until it was thrown into receivership. Thus it becomes apparent that no liability to pay the Olinger claim attached to the appellant, and that the appellant was not legally

liable to Olinger to pay all or any part of his claim for debts incurred by the operation of the Horizon Room.

The stipulated evidence herein indicates that appellant took a judgment by default in the Olinger suit and, from the above uncontradicted testimony, it is the opinion of this Court that appellant could have successfully defended the suit by Olinger on the alleged debt of the Horizon Room based on her lack of a legal interest in the Horizon Room. As indicated above, appellant was not liable on the debt, nor was she liable in the action designed to collect the same.

The rule in 42 C. J. S. Indemnity, § 40, p. 635, states the following:

"The indemnitor will be discharged from liability if the indemnitee, when sued on the principal obligation, fails to set up a defense *which would probably have been successful, . . .*" (Emphasis supplied.)

Thus it appears to this Court that appellant exercised no diligence and negligently permitted a default judgment to be entered against her, even though she had a good and complete defense to the suit. Appellee should have been, and was, discharged from his obligation to appellant to the extent loss was sustained by appellant as a result of her failure to exercise such diligence.

Having found the decision of the trial court to be in accordance with law, said decision is affirmed.

Smith, P. J., Hunter and Bierly, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 334.